CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-7234
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-00461-JST |
| Plaintiff, | [PROPOSED] DETENTION ORDER AS MODIFIED |
| v. | |
| NELSON ENRIKE RAMIREZ, | |
| Defendant. | |

On January 21, 2026, defendant Nelson Enrike Ramirez was charged in a third amended petition for summons for person under supervision with violations of his supervised release.

This matter came before the Court on January 22, 2026, for an initial appearance and detention hearing. The defendant was present and represented by John Paul Reichmuth. Assistant United States Attorney Noah Stern appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that defendant has not met his burden to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community. *See* Fed. R. Crim. P. 32.1(a)(6). Accordingly, the defendant must be detained pending revocation proceedings in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. As noted on the record, the Court makes the following finding as the basis for its conclusion: On the present record and given the defendants repeated violations of his location monitoring conditions despite the prior admonitions of the Court, including the admonition of the Hon. Alex G. Tse on December 22, 2025, the Court finds that the defendant cannot meet his burden to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community. In making this finding, the Court recognized that the defendant indicated his strong interest in seeking treatment for substance abuse disorder and proposed that he be released for admission to a residential treatment program. This proposal was shared with the probation office during the hearing, and the probation office represented to the Court that no treatment program would be available under late spring. The undersigned indicated that the Court will reconsider its detention order on January 27, 2026, or an earlier date, when the defendant may propose release conditions, such as a plan for residence at the halfway house and outpatient treatment, that may justify his release under the relevant legal standards. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, including at the hearing set for January 27, 2026 at 10:30 a.m., or file a motion for reconsideration if circumstances warrant it.

Pursuant to Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3143(a)(1), IT IS ORDERED THAT:

1.    The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:  1/22/2026

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge